UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:21-CR-141-TAV-DCP-1 |
| ELVIN LANDIS WITHERSPOON, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's Emergency Motion to Extend Date to Appear for Service of Prison Sentence [Doc. 56]. Defendant was designated to the United States Penitentiary McCreary camp and scheduled to self-report on February 1, 2024. However, defendant now seeks to extend that report date by approximately two months due to recent changes to his father's health.

Specifically, defendant states that during a winter weather event in mid-January, his father fell on ice and broke his leg, requiring surgery to place a metal rod in his leg. When defendant's father was released from the hospital, defendant had to aid him with virtually all tasks at his home. Defendant's father subsequently became non-responsive and was transported back to the hospital via ambulance where it was determined he was in septic shock. On January 29, 2024, the date of defendant's motion, his father underwent surgery to install a drain port to drain an infection near the gallbladder, and it is anticipated his father's gallbladder will be removed once the infection is gone.

Defendant states that his father has no other adult children and no other family members are able to assist him.

The government responds in opposition, arguing that an extension of no more than 30 days is adequate to address defendant's family's needs [Doc. 57].  The government notes that defendant sought a downward departure or variance at his sentencing hearing based in part on his father's health issues.  Accordingly, the government contends that defendant has had a significant amount of time, specifically, 5 months since his sentencing hearing, to prepare his family for his incarceration, with knowledge of his father's need for alternative care.  The government contends that defendant has not outlined any measures he has taken during this time to secure care for his father during his incarceration.  In light of this, the government contends that an extension of no more than 30 days to provide for his father's care is appropriate.

Defendant replies that he has been preparing for service of his prison sentence, but his father's fall, which became life threatening with sepsis, was an event that could not have been foreseen or planned for [Doc. 58].  Defendant states that his father is currently improving after a second surgery and a third surgery is expected later this week to remove his gallbladder.  Thereafter, a 14-day rehabilitation period is possible.  Defendant states that even a 30-day extension would allow him to assist his father through the surgeries and a possible move to a rehabilitation center or back home.

A court may permit a defendant to self-surrender for service of a custodial sentence.  *See* 18 U.S.C. § 3146(a)(2) (providing for punishments for failure to surrender

for service of a sentence); *see also* 18 U.S.C. § 3141(b) (providing that a court may order a person released "pending imposition or execution of sentence"). The decision to grant a defendant the privilege of self-reporting is discretionary. *See United States v. Rainey*, 480 F. App'x 842, 845 (6th Cir. 2012) (describing self-surrender as a "discretionary benefit[]" bestowed by the district court).

The Court previously allowed defendant to remain on release pending designation and to self-report [Doc. 51]. Defendant has been released on conditions since January 11, 2022 [Doc. 27], and the Court has not been presented with any violations that defendant has committed while on release. And the Court finds that defendant's father's specific ongoing health concerns, which were unforeseeable to defendant, warrant an extension of time to self-report. Accordingly, defendant's motion [Doc. 56] is **GRANTED**. At this juncture, the Court will grant a 30-day extension of the deadline for defendant to self-report, subject to defendant filing a future motion if appropriate under the circumstances. Defendant is hereby **ORDERED** to self-report to USP McCreary **on or before Monday, March 4, 2024**.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
